## IN THE DISTRICT COURT OF ROGERS COUNTY
## STATE OF OKLAHOMA

BRITTANY LYNN TOBEY; individually, )
and BRITTANY LYNN TOBEY on behalf of )
D.W.T. d/o/b/      , a minor child ) Case No. CJ-2025- 24
and T.J.T. d/o/b/      , a minor child; )
Plaintiffs, )
  ) FILED IN THE DISTRICT COURT
v. ) ROGERS COUNTY OKLAHOMA
  )
STATE of OKLAHOMA, *ex. rel.*, DEPARTMENT ) **JAN 2 1 2025**
of HUMAN SERVICES, )
TAMMY LEE, individually, ) CATHI EDWARDS, COURT CLERK
DAWNEEIA MARLEEN TOBEY, individually, )
and ) DEPUTY
MARIA C. TOBEY )

Defendants.

## PETITION

**COMES NOW** the Plaintiff, Brittany Lynn Tobey (Brittany); individually, Britttany on

behalf of D.W. T. d/o/b/     , T.J. T. d/o/b/     , and hereby submit their

Petition in the above matter against

## OPERATIVE FACTS

1. Brittany is the biological mother of D.W.T. and T.J.T.

2. State of Oklahoma *ex rel*. Department of Human Services is a state agency responsible

for, *inter alia,* child welfare investigations.

3. Tammy Lee (Lee) is an employee of the Department of Human Services (DHS), Child

Welfare.

4. Marie C. Tobey (Marie) is the paternal Aunt of D.W.T. and T.J.T. Clint Tobey is the

husband of Marie and paternal uncle of the minor children. Clint is the brother of Billy Tobey,

the natural father.

1

## Exhibit 2

5.      Dawneeia Tobey (Dawn) is the paternal aunt of D.W.T. and T.J.T (collectively children).
She is the sister of Billy.

6.      On March 8, 2022, the children were unlawfully removed from Brittany by Lee, in
conspiracy with Dawn and Marie Tobey. The plaintiff had custody and placement of the children
at this time. Lee arrived at Plaintiff's residence and had enlisted the assistance of the Owasso
police Department. Lee retrieved the children without a court order based on fraud and
misrepresentation. Upon leaving Plaintiff's residence with the children, Lee gave the children to
Dawn who was parked just down the street. Dawn delivered then drove the children to Marie.
This conduct is evidence of the conspiracy among Lee, Dawn, and Marie.

7.      There was no court order nor any lawful basis for Lee to cause the children to be
removed.

8.      In March of 2022, prior to her unlawful removal of the children, Lee was assigned to
investigate a DHS investigation involving the children.

9.      On March 15, 2022, Marie Tobey filed for guardianship of the children in Roger County
Case PG-22-36 (guardianship proceedings). Marie obtained emergency custody of both D.W.T.
and T.J.T. in conspiracy and concert with all other Defendants. Marie perpetrated a fraud on the
court by asserting that DHS had placed them with her and that she had physical custody of them.
Marie in conjunction with and in conspiracy with Marie and Lee made numerous false assertions
in her pleadings. Marie falsely asserted that the children were in DHS care and that DHS "placed
them with us." In fact, Marie, Dawn and Lee unlawfully took the children one week prior,
taking the children from Brittany without a court order in furtherance of the plan and scheme of
Defendants. Plaintiff lost custody of her children based on an emergency order. The emergency

**Exhibit 2**

order was granted based on the false and fraudulent conduct of Defendants. As part of her filings on March 15, 202, Marie received emergency custody of the children.

10.    On January 20, 2023, the guardianship in PG-2022-36 was dismissed by Honorable Judge Crosson, the Court explicitly found that Marie had not met her burden of proving Brittany was affirmatively unfit.

11.    On March 8, 2022, Lee arrived at Brittany's residence where Brittany resided with her mother and the children. Lee had neither a court order nor any other lawful basis to order seize the children. Lee also met with an Owasso police officer and used the officer to effect the unlawful seizure. Lee was aware of the necessity of a court order and was explicitly told by the Owasso officer of the requirement of a court order for removal of the children. Lee acknowledged that a court order was needed but asserted that the basis was a safety plan violation. Which is both false, and irrelevant. Lee knows that a court order or law enforcement seizure based on a belief of imminent harm are the only lawful reasons to seize the child. The Owasso police officer on scene expressly asked Lee if she had a court order and Lee admitted that she did not. Lee said it was a safety plan violation. The Owasso officer asked Lee if she wanted the officer to stand by, to which Lee responded yes. Lee using the presence of the police as a show of force as well as her job as a DHS worker, told Britney and her mom, that custody was being taken because of a safety plan violation. An invalid basis to remove children and Lee knew that it was an invalid basis to take children. The officer was told by Lee that the children were going with Marie. The stated safety plan violation was the children allegedly skipping school but the children had attended school virtually which was still allowed under the COVID-19 protocols.

**Exhibit 2**

12.     On March 7, 2022, the day before the unlawful seizure, Plaintiff had a meeting at

OKDHS in Claremore. During the various cases Lee would falsely testify that Plaintiff appeared

under the influence during this visit having slurred speech and bloodshot eyes. This was one of

many falsehoods by Lee.

13.     Municipal liability[1] exists as to Oklahoma DHS pursuant to *Monell v. Department of Soc.*

*Svcs.*, 436 U.S. 658 (1978). Lee testified in Court that prior to removing the children without a

court order that she staffed the case with a supervisor. Moreover, DHS failed to train Lee

regarding the necessity of a court order to remove children. Additionally, DHS workers believe

that they have unfettered discretion when it comes to removing children. Thus, liability for

failure to train also exists. *Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 411 (1997). Failure to

train liability is appropriate when the "failure to train [the] employees in a relevant respect must

amount to 'deliberate indifference to the rights of persons with whom the [untrained employees]

come into contact.'" *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

### COUNT I-INTERFERENCE WITH CHILD CUSTODY ORDER-43 O.S. § 111.2-BRITTANY, INDIVIDUALLY, AS TO DEFENDANTS DAWN, MARIE AND LEE

Plaintiffs restate and reallege the foregoing allegation. Further, Plaintiffs allege and state:

14.     That 43 O.S. §

> Any person who is not a party to a child custody proceeding, and who
> intentionally removes, causes the removal of, assists in the removal of, or
> detains any child under eighteen (18) years of age with intent to deny
> another person's right to custody of the child or visitation under an
> existing court order shall be liable in an action at law. Remedies available

---

[1] The Eleventh Amendment of the United States Constitution 'bars suits against a state in federal court by citizens of that state or another state unless the state consents to proceeding with the case in federal court." *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Washington v. Okla. State Dep't of Human Servs.*, Case No. 18-CV-0674-CVE-FHM, 6 (N.D. Okla. Jul. 12, 2019). However, this immunity extends to federal court but not state court. *Walstrom v. State*, Case No. 09-CV-0071-CVE-PJC, 5 (N.D. Okla. Jun. 11, 2009).

**Exhibit 2**

pursuant to this section are in addition to any other remedies available by law or equity and may include, but shall not be limited to, the following:

1. Damages for loss of service, society, and companionship;

2. Compensatory damages for reasonable expenses incurred in searching for the missing child or attending court hearings;

3. The prevailing party in such action shall be awarded reasonable attorney fees.

15. The named Defendants violated this as set forth above.

16. As a result of Defendants' conduct, Plaintiffs have sustained actual damages in excess of $75, 000.00.

18. Punitive damages should be assessed.

## COUNT II-CIVIL CONSPIRACY AS TO BRITTANY, INDIVIDUALLY, AS TO DEFENDANTS DAWN, MARIE, AND LEE

In support of this Count, Plaintiffs restate and reallege the foregoing. Additionally, Plaintiffs state:

19. Under Oklahoma law, a civil conspiracy "consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." *Gaylord Entm't Co. v. Thompson,* 958 P.2d 128, 148 (Okla. 1998).

20. The named Defendants engaged in a conspiracy as set forth above.

21. As a result of the named defendants' conduct, Plaintiffs have sustained actual damages in excess of $75,000.00.

22. The named Defendants have acted with reckless disregard for the rights of Plaintiffs and intentionally with malice and as such punitive damages should be assessed against them.

## COUNT III-42 U.S.C. § 1983-4th AMENDMENT UNREASONABLE SEIZURE AS TO BRITTANY, ON BEHALF OF D.W.T. and T.J.T. AS TO DEFENDANT DAWN, MARIE AND LEE

5

**Exhibit 2**

Plaintiffs restate the above. Additionally, Plaintiff states:

23.    Defendants caused the children to be removed from their mother-a seizure, without a court order or lawful basis.

24.    That the conduct by all Defendants was under the color of law. Further, Dawn and Marie were in a conspiracy with Lee such that there action was tantamount to state action.

25.    As a result of Defendants' conduct, Plaintiffs have sustained actual damages in excess of $75,000.00.

26.    Defendants have acted with reckless conscious disregard for the federally secured rights of Plaintiffs and as such punitive damages in excess of $10,000.00 should be assessed against them.

27.    Defendants should be ordered to reimburse Plaintiffs a reasonable amount of attorney fees and costs incurred herein.

## COUNT IV-42 U.S.C. § 1983 - MALICIOUS PROSECUTION AS TO DEFENDANTS LEE, DAWN, and MARIE

In support of this count, Plaintiff restates and re-alleges the foregoing allegations as though fully set forth herein.

28.    That the named Defendants caused a sham guardianship case to be filed, Rogers County PG-22-36.

29.    That the named Defendants engaged in a conspiracy with each other and numerous other state actors to prosecute Plaintiff maliciously and vindictively.

30.    On March 15, 2022, Rogers County Case PG-2022-36 was filed against Plaintiff.

31.    On January 20, 2023 the guardianship was dismissed by the court.

**Exhibit 2**

32.    The filing of the guardianship case lacked was filed without probable cause, further no probable cause existed to support the original filing and/or continued prosecution and pursuit; the defendant acted with malice; and that plaintiff sustained damages\

33.    That the conduct of Defendant is in contravention of Plaintiff's constitutional rights and as such this Defendants are liable to the Plaintiff under 42 U.S.C. § 1983.

34.    As a result of defendants' conduct, Plaintiff has sustained actual damages in excess of $75,000.00

35.    Plaintiff should be reimbursed her attorney fees and costs incurred herein.

36.    Punitive damages should be

**CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Plaintiffs respectfully requests an award of actual damages in excess of $10,000.00, an award of punitive damages in excess of $10,000.00, costs incurred in this matter and any other and further relief this Court deems proper.

Respectfully Submitted,

R. McH

Brendan M. McHugh, OBA #18422
Dana Jim, OBA # 19495
Route 66 Attorneys, L.L.C.
P.O. BOX 1392
Claremore, OK 74018
(918) 608-0111
(918) 803-4910

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

7

**Exhibit 2**
